UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALMA BENITEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| EUGENE ROY, | ) | |
| ANTHONY WOJCIK, | ) | Jury Demand |
| DAVID M. MARCH, | ) | |
| DANIEL GALLAGHER, | ) | |
| OSVALDO VALDEZ, | ) | |
| THOMAS CURRAN, | ) | |
| PETER TORRES, | ) | |
| GREGORY JONES, | ) | |
| JOHN HALLORAN, | ) | |
| JOHN MURRAY, | ) | |
| FRANK CASALE, | ) | |
| DAVID HICKEY, | ) | |
| RICHARD HAGEN, | ) | |
| AUDIE MANAOIS, | ) | |
| ROBERT RANZZONI, | ) | |
| VICTOR WATHEN, | ) | |
| MICHAEL NESTAD, | ) | |
| WILLIAM JOHNSON, | ) | |
| ANTHONY GLAVIANO, | ) | |
| TERENCE TEAHAN, | ) | |
| BETH SVEC, | ) | |
| SALVADOR ESPARZA, | ) | |
| JEFFREY MALIK, | ) | |
| ROBERTO GARCIA, | ) | |
| DAVID MCNAUGHTON, | ) | |
| MARIO VEGA, | ) | |
| L. TORRES, | ) | |
| UNKNOWN OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff is a resident of Chicago, Illinois.

1

5.     Defendant-Officers Eugene Roy #62, Anthony Wojcik #481, David March #20563, Daniel Gallagher #1303, Osvaldo Valdez #529, Thomas Curran #20948, Pete or Peter Torres, Gregory Jones #21285, John Halloran #20453, John Murray #21128, Frank Casale #21041, David Hickey #20723, Richard Hagen #20606, Audie Manaois #20320, Robert Ranzzoni #20162, Victor Wathen #20493, Michael Nestad #20505, William Johnson #20169, Anthony Glaviano #21443, Terence Teahan #20462, Beth Svec #20941, Salvador Esparza #20140, Jeffrey Malik #20729, Roberto Garcia #20555, David McNaughton #120, Mario Vega #8526, L. Torres #10573, and Unknown Officers (hereinafter "Defendant-Officers"), at all times relevant to this Complaint, were duly appointed and sworn Chicago police officers.

6.     At all times relevant to this Complaint, the Defendant-Officers and other Chicago police officers referred to in this complaint were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7.     At all times relevant to this Complaint, the City of Chicago was the employer and principal of the Defendant-Officers and other Chicago police officers referred to in this complaint.

**Facts**

8.     On October 20, 2014, at approximately 10:00 p.m., Plaintiff was at the Burger King in the vicinity of 4112 South Pulaski in Chicago, Illinois.

9.     On October 20, 2014, at approximately 10:00 p.m., Chicago Police Officer Jason Van Dyke shot and killed Laquan McDonald.

10.    Plaintiff witnessed the shooting of Laquan McDonald by Van Dyke.

11.    Plaintiff witnessed Van Dyke and other Chicago police officers' actions after the shooting of Laquan McDonald.

12.    Other individuals in the vicinity of Plaintiff also witnessed the shooting and/or Chicago police officers' actions after the shooting.

13.    Plaintiff attempted to take photos and video on her mobile phone of what she witnessed.

14.    Chicago police officers on the scene, including some or all of the Defendant-Officers, became aware that Plaintiff was a witness to the shooting.

15.    Chicago police officers on the scene, including some or all of the Defendant-Officers, became aware that Plaintiff had attempted to record the incident in a video and/or photos.

16.    Chicago police officers, including some or all of the Defendant-Officers, demanded that Plaintiff surrender her phone at the scene of the shooting.

17.    Chicago police officers, including some or all of the Defendant-Officers, told Plaintiff she had to go to Area Central.

18.    No Chicago police officer told Plaintiff she could refuse to go to Area Central.

2

19. No Chicago police officer told Plaintiff she was free to leave, rather than go to Area Central.

20. No Chicago police officer told Plaintiff she was free to go home.

21. Chicago police officers, including some or all of the Defendant-Officers, took Plaintiff into custody.

22. Chicago police officers, including some or all of the Defendant-Officers, transported Plaintiff to Area Central.

23. Plaintiff's vehicle remained at the Burger King restaurant.

24. Chicago police officers also transported other witnesses to Area Central at around the same time.

25. Chicago police officers, including some or all of the Defendant-Officers, detained Plaintiff at Area Central from approximately 10:00 p.m. until approximately 4:00 a.m.

26. There was no probable cause or any other legal justification to detain Plaintiff at Area Central.

27. Plaintiff was never told by any Chicago police officers that she was free to leave Area Central.

28. Chicago police officers detained other witnesses at Area Central until approximately 4:00 a.m.

29. At Area Central, Chicago police officers, including some or all of the Defendant-Officers, questioned Plaintiff regarding what she witnessed.

30. Plaintiff described to the officers what she saw when she witnessed a Chicago police officer shoot and kill a civilian.

31. Chicago police officers, including some or all of the Defendant-Officers, told Plaintiff that her account of what she witnessed was "not what really happened," or words to that effect.

32. Chicago police officers, including some or all of the Defendant-Officers, told Plaintiff they had video of the shooting that contradicted her account of what she witnessed.

33. Chicago police officers, including some or all of the Defendant-Officers, did not have video of the shooting that contradicted Plaintiff's account of what she had witnessed.

34. Chicago police officers, including some or all of the Defendant-Officers', statement (that they had video of the shooting contradicting Plaintiff's account of what she had witnessed) was false.

35. Chicago police officers, including some or all of the Defendant-Officers, knew that this statement about the video contradicting Plaintiff was false when they made the statement.

36. Plaintiff's account of what she had witnessed was consistent with what actually happened.

37. Video of the shooting was consistent with Plaintiff's statement of what she had witnessed.

38. Chicago police officers, including some or all of the Defendant-Officers, pressured Plaintiff to retract and/or forget what she witnessed.

39. Chicago police officers pressured other witnesses being held at Area Central, in a similar manner, to retract their accounts of the shooting.

40. At Area Central, Chicago police officers, including some or all of the Defendant-Officers, attempted to view, extract, and/or remove any recording of the shooting or incident that Plaintiff recorded on her phone.

41. Chicago police officers, including some or all of the Defendant-Officers, wrote false reports of these witness interviews.

42. Chicago police officers, including some or all of the Defendant-Officers, prepared false reports of the witness interviews in order to cover-up Officer Van Dyke's unjustified shooting of Laquan McDonald.

43. Chicago police officers, including some or all of the Defendant-Officers, prepared false reports of the witness interviews in order to cover-up the improper, illegal and unconstitutional interrogations they conducted of these witnesses.

44. As a direct and proximate result of the acts described above, Plaintiff suffered damages including loss of physical liberty and emotional distress.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

45. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.

46. Plaintiff witnessed the unjustified shooting of Laquan McDonald by Chicago Police Officer Van Dyke.

47. At the scene of the shooting, Plaintiff was seized by Chicago police officers, including some or all of the Defendant-Officers,.

48. There was no reasonable suspicion, probable cause, or any other legal justification to seize Plaintiff.

49. The seizure of Plaintiff without reasonable suspicion, probable cause and/or any other legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment for Plaintiff and against the Defendant-Officers,
b) Award Plaintiff compensatory and punitive damages,
c) Award attorneys' fees and costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Unreasonable Seizure)

50. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.

51. Plaintiff witnessed the unjustified shooting of Laquan McDonald by Chicago Police Officer Van Dyke.

52. At the scene of the shooting, Chicago police officers, including some or all of the Defendant-Officers, seized Plaintiff and put her in a police car to transport her.

53. Chicago police, including some or all of the Defendant-Officers, transported Plaintiff in a police car from the scene of the shooting to Area Central.

54. Plaintiff was not given a choice about whether she had to go to Area Central.

55. Plaintiff was not given the option of driving her own car to Area Central.

56. Plaintiff did not go to Area Central on her own free will.

57. While the police transported Plaintiff to Area Central in a police car, she was not free to leave.

58. There was no reasonable suspicion, probable cause, or any other legal justification to seize Plaintiff and transport her to Area Central.

59. The seizure of Plaintiff without reasonable suspicion, probable cause and/or any other legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment for Plaintiff and against the Defendant-Officers,
b) Award Plaintiff compensatory and punitive damages,
c) Award attorneys' fees and costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Unreasonable Seizure)

60. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.

61. Plaintiff witnessed the unjustified shooting of Laquan McDonald by Chicago Police Officer Van Dyke.

62. After the shooting, Chicago police officers, including some or all of the Defendant-Officers, seized Plaintiff and took her to Area Central.

63. After Plaintiff was taken to Area Central, she was not free to leave.

64. Plaintiff was held at Area Central from about 10:00 p.m. until about 4:00 a.m.

65. Chicago police officers, including some or all of the Defendant-Officers, interrogated and questioned Plaintiff at Area Central.


66. Plaintiff was held at Area Central against her free will.

67. The seizure of Plaintiff without reasonable suspicion, probable cause and/or any other legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment for Plaintiff and against the Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence Jackowiak
*Counsel for the Plaintiff*

/s/ Amanda Yarusso
*Counsel for the Plaintiff*

Lawrence Jackowiak
Amanda Yarusso
Jackowiak Law Offices
111 W Washington St.
Suite 1500
Chicago, Illinois  60602
(312) 795-9595